UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DWAYNE TIMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY SHERIFFS OFFICE, et al.,<br><br>    Defendants. | Case No. 24-cv-02716-PCP<br><br>**ORDER DISMISSING COMPLAINT AND GRANTING *IN FORMA PAUPERIS* APPLICATION**<br><br>Re: Dkt. No. 2 |

Anthony Timmons, an inmate at the West County Detention Facility in Richmond, California, filed a *pro se* civil rights action under 42 U.S.C. § 1983. For the reasons stated below, this action is DISMISSED. Mr. Timmons's application to proceed in forma pauperis is GRANTED.

I.   **Legal Standard**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

II.  **Analysis**

Mr. Timmons alleges that a prison officer filed a false disciplinary report against him. Compl. at 2. This false report "resulted in [Mr. Timmons] receiving disciplinary sanctions." *Id*.

A due process claim based on allegedly false reports by officers fails as a matter of law. A

prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).[1] As long as Mr. Timmons was afforded procedural due process in the disciplinary hearing, which he does not contest, *see generally* Compl., his allegations of a fabricated charge fail to state a claim under § 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984).

Although district courts generally afford prisoner litigants the opportunity to amend their complaint, a court may deny leave to amend if it finds any of: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; [or] (5) [the] plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, amendment would be futile. Mr. Timmons provided the records of his administrative grievances as an exhibit to the Complaint. *See* Compl. at 4–11. The administrative grievances complain of false reports leading to a disciplinary conviction and loss of privileges. *See id*. They do not contend that Mr. Timmons was deprived of due process during his disciplinary hearing. *See id*. Thus, even if Mr. Timmons attempted to claim he was denied due process in order to salvage his claim on amendment, the amended claim would be unexhausted. The Ninth Circuit has recognized that amendment of an unexhausted claim would be futile. *See Williams v. Paramo*, 840 F. App'x 212, 213 (9th Cir. 2021) ("We conclude amendment would have been futile because it would not cure Williams' failure to exhaust available administrative remedies."); *Mahone v. Morgan*, 135 F. App'x 930, 931 (9th Cir. 2005) ("The district court did not abuse its discretion in denying Mahone leave to amend his complaint because the claim he sought to include had not been administratively exhausted, so amendment would have been futile.").

---

[1] *See also Garrott v. Glebe*, 600 F. App'x 540, 542 (9th Cir. 2015) (noting there is no federally recognized right for a prisoner to be free from false accusations); *Allah v. California*, 182 F.3d 924 (9th Cir. 1999) (unpublished) (affirming the dismissal of a claim that disciplinary results were false, and citing *Freeman,* 808 F.2d at 951, for the rule that an "allegation that filing a false disciplinary charge against an inmate is not actionable under § 1983 where procedural due process protections are provided"); *Mulqueen v. Gutierrez*, 934 F.2d 324 (9th Cir. 1991) (unpublished) ("Mulqueen was afforded all the process that he was due in his ample disciplinary hearing; there was accordingly no violation of procedural due process, even if his allegation of false charges were to be accepted.").

### III. Conclusion

1. The Complaint does not state any cognizable claim. The defects are not curable on amendment, so this action is DISMISSED.

2. Mr. Timmons's motion to proceed *in forma pauperis* is GRANTED. *See* Dkt. No. 2. The initial partial filing fee is $35.25. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). A copy of this order and the attached instructions will be sent to Mr. Timmons via U.S. mail, and to the California Department of Corrections and Rehabilitation (CDCR) and the court's financial office via email at trusthelpdesk@cdcr.ca.gov and CAND_Finance@cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: March 31, 2025

_____
P. Casey Pitts
United States District Judge

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid. If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff/Petitioner

Court's Finance Office